UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARMICHAEL LODGE NO. 2103,
BENEVOLENT AND PROTECTIVE
ORDER OF ELKS OF THE UNITED
STATES OF AMERICA, a
California corporation,

                                    NO. CIV. S-08-1669 LKK/GGH

        Plaintiff,

   v.

                                    O R D E R

RONALD L. LEONARD dba RV
TRAVEL GUIDES, a California
corporation,

        Defendant.
                             /

    Plaintiff, Carmichael Lodge No. 2103, Benevolent and Protective Order of Elks of the United States of America ("Carmichael Elks"), originally brought a lawsuit in Sacramento County Superior Court naming defendant Ronald L. Leonard dba RV Travel Guides ("Leonard"). Pending before the court is plaintiff's motion to remand, which contends that the causes of action put forth in the complaint are based solely on state law and do not implicate a federal question. The Court resolves the motion on the

1

papers and after oral argument. For the reasons set forth below, the court grants the motion.

## I. Background and Allegations[1]

Plaintiff, Carmichael Elks, is a member Lodge of the larger Benevolent and Protective Order of Elks of the United States of America ("Grand Lodge"), a fraternal organization established in 1871. Compl. ¶ 7. The Carmichael Elks publish and sell Elkdom Travel Guides to fund their charitable operations. Id. ¶ 8. The original Elkdom Travel Guide series included three guides covering the Pacific Coast states, the Midwestern states and the Southeastern states. Id. ¶ 10. Plaintiff granted limited rights to the Gulf Coast Elks Lodge to publish a fourth Elkdom Travel Guide, covering various Northeastern States, though all rights have since reverted to the Carmichael Elks. Id. ¶ 11. Since 1984, when the Carmichael Elks travel guides project was sanctioned by the Grand Lodge, over 75,000 copies have been sold and over $150,000 in profits has been donated. Id. ¶ 14.

In 1997, Carmichael Elks member Ronald Leonard began assisting with Elkdom Travel Guides by contributing to database management, word processing and desktop publishing. Id. ¶ 16. Around January 2007, Carmichael Elks became aware that Mr. Leonard had asserted ownership of all four Elkdom Travel Guides, ostensibly as a result of his work on them. Id. ¶ 17. Within the same time period, Mr.

---

[1] The allegations described herein are taken from plaintiff's complaint and are accepted as true for the purpose of this motion only. The complaint was filed as Exhibit B to the Declaration of Mark Leonard In Support of Notice of Removal.

2

1  Leonard submitted a series of copyright registration for the four
2  guides, identifying himself as the author and owner of the work.
3  Id. ¶ 18.
4     On December 12, 2007, plaintiff filed a copyright infringement
5  action against Leonard in this district. Id. ¶ 19.  That case,
6  which asserts one cause of action for copyright infringement, is
7  currently pending.  Id. ¶ 19.   After the scheduling order was
8  issued in the Copyright Case, plaintiff discovered that Leonard was
9  selling unauthorized versions of the four Elkdom guides on the
10 Grand Lodge Website.  Sales were without the approval of either
11 Carmichael Elks or the Grand Lodge. Id. ¶ 21. Plaintiff asserts
12 that Leonard likely gained access to the site by misrepresenting
13 his Lodge affiliation and authorization to market the guides. Id.
14 ¶ 21.  Later, in May of 2008, Carmichael Elks discovered that Mr.
15 Leonard was again marketing unauthorized versions of the four
16 Guides on the internet site www.silvertonelks.com, violating
17 plaintiff's trade dress and trademark for Elkdom Travel Guides.
18 Id. ¶ 21.
19    Plaintiff filed a second complaint on June 2, 2008, in the
20 superior court for the County of Sacramento, alleging false
21 designation of origin and false advertising under the Lanham Act,
22 15 U.S.C. §§ 1125(a)(1)(A) and (B) and state unfair competition
23 under California Business and Professions Code § 17200 ("First
24 State Action").  On June 6, 2008, defendant removed the case to
25 federal court. On June 10, 2008, Leonard filed a notice of related
26 cases pursuant to Local Rule 83-123(b). Plaintiff subsequently

3

1  dismissed the First State action, pursuant to Rule 41(a).
2     On July 2, 2008, the Carmichael Elks filed a third lawsuit
3  against Leonard, in Superior Court for the county of Sacramento
4  ("Second State Action").  This complaint alleges trademark
5  infringement claims under state law, but asserts the same factual
6  allegations in this action.  On July 21, 2008, defendant filed a
7  notice of removal. It is this action that plaintiff seeks to remand
8  with the present motion.

## II. Standard

10    The removing defendant always has the burden of
11 establishing federal jurisdiction. Gaus v. Miles, Inc., 980 F.2d
12 564, 566 (9th Cir. 1992).  Upon removal, the district court must
13 determine whether it has subject matter jurisdiction and, if
14 not, it must remand.   Lyons v. Alaska Teamsters Employer Serv.
15 Corp., 188 F.3d 1170, 1171 (9th Cir. 1999).  A defendant may
16 remove any state court action to federal district court if the
17 latter court has original jurisdiction under "a claim or right
18 arising under the Constitution, treaties or laws of the United
19 States." 28 U.S.C. § 1441; see also 28 § U.S.C. 1331.  Whether a
20 cause of action arises under the Constitution, treaties or laws
21 of the United States must be determined solely from what is
22 contained in the plaintiff's well-pleaded complaint. Taylor v.
23 Anderson, 234 U.S. 74, 75-76 (1914).  Federal jurisdiction is
24 not proper when the federal question only arises through the
25 defendant's defense or the plaintiff's necessary response
26 thereto. Id.; Christianson v. Cold Indus. Operating Corp., 486

U.S. 800, 809 (1988).

### III. Analysis

Defendant contends that the court has jurisdiction over the present action because the action implicates federal law and the court has a vested interest in preventing plaintiff from forum manipulation. Both plaintiff and defendant seek attorney's fees.

**A.   Federal Question Jurisdiction**

District courts have original jurisdiction over civil actions that arise under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. A cause of action arises under federal law if a well-pleaded complaint meets either of two standards. Under the first standard, federal jurisdiction is present if federal law has created the cause of action. Franchise Tax Board of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 28 (1983). This requires that the federal question be present on the face of plaintiff's well-pleaded complaint. Taylor v. Anderson, 234 U.S. at 74. Defendant concedes that federal law does not create this basis for jurisdiction in the current action.

The second standard provides that federal jurisdiction when plaintiff's right to relief "necessarily depends on a substantial question of federal law." Franchise Tax Board, 463 U.S. at 28. It is on this ground that defendant asserts federal jurisdiction in the instant case.

This standard is not met simply because the allegations

5

pled could give rise to a federal claim or may implicate federal rights. "The mere presence" of a federal issue in a state cause of action does not inevitably create a federal question. Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986). In order for federal question to arise within a state law claim, significant federal issues must be implicated. Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005). Moreover, "[w]hen a claim can be supported by alternative and independent theories -- one of which is a state law theory and one of which is a federal law theory -- federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996).

When a complaint is filed in state court, and state law affords plaintiff all of the relief they seek, federal jurisdiction is improper. Rains, 80 F.3d at 346. In Rains, the plaintiff filed a complaint in state court against his employer for wrongful termination in violation of public policy and intentional interference with contractual relations. Id. at 342. Although plaintiff's causes of actions were pled under state law, his complaint stated that his claims arose from "the laws of the United States [Title VII], the laws of the State of California, the rules, regulations, and directives implementing said statutes and common law." Id. at 343. Defendants removed on the basis of federal question, arguing that plaintiff's invocation of Title VII warranted federal jurisdiction. Id. at

6

342. Once in district court, the defendants moved for summary judgment on all counts and the motion was granted. Id.

Upon appeal, the Ninth Circuit vacated and remanded on the grounds that federal jurisdiction did not exist and therefore removal had been improper. Id. In evaluating the possible presence of a federal question, the court noted that simply because "the same facts could have been the basis for a Title VII claim does not make Rains' wrongful termination claim into a federal cause of action." Id. at 344. The reference to Title VII in Rains' complaint was deemed not to have created a substantial question or "necessary element" of federal law even though "state law independently espouses the same public policy established by Title VII." Id. at 345.

The same result is compelled in the instant case. Plaintiff's complaint alleges four causes of action: statutory trademark infringement, brought under California Business and Professions Code § 14245; California common law trademark infringement and unfair competition; unfair competition in violation of California Business and Professions Code § 17200 ("UCL"); and false advertising in violation of California Business and Professions Code § 17500. All of the claims rely explicitly on state statutory and common law, and do not even allude to federal law. Even plaintiff's claim under the UCL does not allege a violation of federal law as constituting defendant's underlying unfair conduct, but exclusively grounds this claim in alleged violations of state statute. See Compl. ¶

7

38.  Moreover, it does not appear that resolution of a significant federal question is necessary in order for plaintiff to obtain the relief he seeks.  Although the allegations as plaintiff has pled them may also give rise to causes of action under the Lantham Act, the law is clear that this does not suffice to create federal jurisdiction.  See Rains, 80 F.3d at 344 (no federal jurisdiction even where "the same facts could have been the basis for a Title VII claim" as well as a state wrongful termination claim); see also Merrell Dow Pharm., 478 U.S. at 814 n. 12 (holding that "the violation of a federal standard as an element of state tort recovery did not fundamentally change the state tort nature of the action"). Consequently, there are no substantial federal questions apparent from the face of the complaint that would give rise to federal jurisdiction.

Defendant takes issue with plaintiff's perceived forum shopping and encourages the court to retain jurisdiction for this reason.  The court's jurisdiction is narrow and circumscribed by statute, and thus concerns over forum shopping are not enough to defeat a motion to remand.  See Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988); Pan American Petro. Corp. v. Superior Court, 366 U.S. 656, 662 (1961) ("the party who brings a suit is master to decide what law he will rely on"); Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1395 (9th Cir. 1988) ("If the plaintiff may sue on either state or federal grounds the plaintiff may avoid removal simply be

1  relying exclusively on the state law claim."). Defendant's
2  argument is therefore unavailing.

### B. Attorney's Fees

Both plaintiff and defendant request an award of costs and attorney's fees. 28 U.S.C. § 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award of fees is within the discretion of the district court. Moore v. Permanente Med. Group. Inc., 981 F.2d 443 (9th Cir. 1992).

An award of attorneys' fees and costs is not warranted in the instant matter. Although in error, defendant's contentions were not frivolous, and there was no evidence showing that removal was motivated by bad faith or was inherently unreasonable. See Martin v. Franklin Capital Corp. 546 U.S. 132 (holding that courts may award attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal").

### IV. Conclusion

For the reasons provided herein, the motion to remand is GRANTED. The action is REMANDED to the Superior Court of the State of California, County of Sacramento.

IT IS SO ORDERED.

DATED: September 23, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT